UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Case No.     4:26-cv-1184-JD-MGB

| | | |
|---|---|---|
| JOHNNY GAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| NORTH INDUSTRIAL, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| _____ | ) | |

This action is brought to remedy discrimination on the basis of perceived disability and age and retaliation all with respect to the terms, conditions and privileges of employment. This discrimination and retaliation action is brought pursuant violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008); and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et.seq.*("ADEA").

Plaintiff had been employed with Defendant for five (5) years, when he was terminated without legitimate business reason and replaced with a younger less qualified employee and when he was terminated immediately after suffering a workplace injury and perceived as disabled.  As a result, Plaintiff suffered damages as set forth herein.

1.     Plaintiff is a male citizen of the United States and a resident of Darlington County, South Carolina.

1

2. Defendant, North Industrial, LLC, formerly known as North Industrial Machine, LLC until 2007, "North Industrial", is a corporation incorporated in South Carolina with a principal place of business at 133 W Carolina Ave, Hartsville, SC 29550, employing approximately 150 employees.

3. On December 23, 2025, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding his Discrimination Charge number 436-2025-01593, informing him of his right to sue Defendant in response to his charge of discrimination on the basis of age and perceived disability.

4. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under ADA, ADEA. Jurisdiction of this Court is proper under Section 7(b) of the ADEA as amended, 29 U.S.C. §626(b); pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a). This Court also has jurisdiction of this matter under federal question jurisdiction, 28 U.S.C. §§1331, civil rights jurisdiction 28 U.S.C. §§1343.

5. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district, and because all of the acts underlying this lawsuit occurred in this district.

6. Plaintiff, a 68 year old male, was employed with Defendant, North Industrial, from April 2019, until his termination date, September 11, 2024, most recently as a General Foreman Superintendent.

7. Defendant is an employer within the meaning of 42 U.S.C. §12111 5(A) and 29 U.S.C. §2611(4).

8.  Plaintiff was performing satisfactorily supervising a work crew of five or more employees; and his last employment evaluation was rated as "frequently exceeds expectations".

9.  Plaintiff, 68 years old in 2024, was earning six figures with Defendant.

10. While employed, Plaintiff observed the Defendant's business practices (management, culture, and operations) and became concerned about his employment security; and therefore began to inquire whether other companies were hiring.

11. Multiple managers (Shane Polson, Shawn Johnson, and Josh Winburn) asked Plaintiff multiple times, either "how old are you" or "how much longer do you plan to work"; and Plaintiff would be excluded from business meetings that he previously had been a part of.

12. Josh Winburn met with Plaintiff's son Kevin Gainey, and shared that while he considered Plaintiff for a promotion to Project Manager, the company felt that due to Plaintiff's age, he would have a problem learning the company's computer system.

13. Younger less experienced employees were promoted to Project Manager positions.

14. Plaintiff suffered a workplace injury on September 10, 2024, when the bank gave way and his right side hit a pipe.

15. On September 11, 2024 at 1:30 pm, Defendant informed Plaintiff that he was terminated because Defendant was notified on September 11, 2024 at 8:15 am that Plaintiff was having conversations about job openings with other competitor employers. His termination reason on his termination form was insubordination.

16. Keri Hancock, HR representative, testified in Workers' Compensation deposition, that Chris Gardner, approximately 20 years younger than Plaintiff, was hired 2 days prior to Plaintiff's termination and he was paid $50,000 less annually than Plaintiff.

17. Keri Hancock testified that on the morning of September 11, 2024, before Plaintiff was terminated, Chris Gardner, was brought in by Defendants to replace Plaintiff; and Chris Gardner's hire date was September 9, 2024.

18. Over the course of his employment, it would appear from the above referenced conduct of Defendant that Plaintiff was subjected to age and perceived disability discrimination and violation of his civil rights with respect to the terms, conditions and discipline relating to employment.

19. Plaintiff was injured on the job and perceived to be disabled, and he was terminated the very next day.

20. Plaintiff inquired about promotions to project manager and Defendant did not consider Plaintiff for age related reasons.

21. Plaintiff was replaced by an employee 20 years younger who would cost Defendant $50,000 less, and that replacement was hired two (2) days before Defendant asserts it learned about Plaintiff's inquiries to other employers.

22. Plaintiff's younger coworkers and coworkers not injured on the job, similarly situated, were not subjected to comments about their age and not passed over for promotions and not terminated for pretext reasons.

23. Plaintiff was held to a different employment standard than his younger coworkers who did not work with a disability.

24. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

25. Defendant's facially neutral policies and procedures were applied in a discriminatory manner and in a manner which had a disparate impact on Plaintiff.

26. Plaintiff was subjected to the discriminatory practices of his employer. As a result of the acts of discrimination based on age and perceived disability, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities with Defendant and other prospective employers.

**FIRST CAUSE OF ACTION**
**29 U.S.C. 623 - AGE DISCRIMINATION**

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint.

28. Plaintiff was a 68 year old male at the time of his employment and was performing satisfactorily in his employment with positive performance reviews.

29. Defendant subjected Plaintiff to adverse employment actions of disparate treatment in its discriminatory consideration for Plaintiff's promotion potential,  with its unequal discipline, and comments made about Plaintiff's age and work expectancy.

30. Defendant did not treat similarly situated younger employees in the same manner as Plaintiff was treated in terms of employment selection and discipline and age related remarks.

31. Defendant then terminated Plaintiff for conduct that did not violate any policy, and had already hired Plaintiff's replacement two (2) days before the alleged insubordination was even reported.

32. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his age in violation of ADEA 29 U.S.C. §626; and the unlawful employment practices were willful and Defendant knew or should have known the effect of its unlawful business practices.

33. As a result of the acts of discrimination based on age, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary and liquidated damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### (ADA DISCRIMINATION)

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this Complaint.

35. Plaintiff was performing satisfactorily in his employment, when he suffered a workplace injury and was perceived as disabled or unable to work by Defendant, his employer.

36. Plaintiff was terminated one day after the injury occurred before any workers' compensation claim could be made.

37. Defendant subjected Plaintiff to adverse employment actions of termination immediately after experiencing injury, in a manner that suggests Defendant perceived Plaintiff as injured and disabled, even temporarily.

38. Defendant's reason for termination was pretext as Plaintiff did not violate any policies to warrant termination for insubordination.

39. Defendant did not treat similarly situated employees without perceived disability in the same manner as Plaintiff was treated.

40. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his perceived disability in violation of the Americans with Disabilities Act; and the unlawful employment practices were willful and Defendant knew or should have known the effect of its unlawful business practices.

41. As a result of the acts of discrimination based on perceived disability, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary and liquidated damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of ADA and ADEA;

B. Enjoining and permanently restraining these violations of law;

C.     Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, pension and other lost benefits;

D.     Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. §12205 and 42 U.S.C. §12117;

E.     Directing Defendant to pay Plaintiff compensatory damages and damages for his emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under  2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) in the amount to be determined by a jury; and,

F.     Awarding Plaintiff such other and further relief  pursuant to 29 U.S.C. §2617 as this Court deems just and proper.

WUKELA LAW FIRM

By:   s/ Pheobe A. Clark
      **Pheobe A. Clark**
      Federal ID No.  9888
      Post Office Box 13057
      Florence, SC   29504-3057
      Phone: (843) 669-5634
March  20 2026                    Fax:    (843) 669-5150