**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Johnny Gainey,<br>Plaintiff,<br>vs.<br>North Industrial, LLC,<br>Defendant. | C/A No.: 4:26-cv-01184-JD-MGB<br><br>ORDER AND OPINION |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker (DE 13), issued pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends granting in part and denying in part Defendant North Industrial, LLC's ("Defendant") Partial Motion to Dismiss (DE 7). Specifically, the Magistrate Judge recommends dismissing Plaintiff Johnny Gainey's ("Plaintiff") disability-discrimination claim under the Americans with Disabilities Act ("ADA") without prejudice and affording Plaintiff an opportunity to amend his Complaint. (DE 13 at 6–8.) Neither party filed objections. For the reasons below, the Court adopts the recommended disposition with a modification to the governing legal analysis.

**A. Background**

Plaintiff commenced this action alleging employment discrimination under the Age Discrimination in Employment Act ("ADEA") and the ADA. (DE 1.) According to the Complaint, Plaintiff was 68 years old and had been employed by Defendant since April 2019, most recently as a General Foreman Superintendent. Plaintiff alleges

that he performed his duties satisfactorily and received favorable performance evaluations. (DE 1 at 2–3.)

Plaintiff also alleges that Defendant's managers repeatedly questioned him about his age, excluded him from certain business meetings, and expressed concern that his age would interfere with his ability to learn the company's computer system. He maintains that younger employees received promotional opportunities and that Defendant hired a substantially younger employee to replace him. (DE 1 at 3–4.)

Relevant here, Plaintiff alleges that he suffered a workplace injury on September 10, 2024, and was terminated the next day. He contends that Defendant regarded him as disabled because of the injury and terminated him because of an actual or perceived impairment. (*Id.*)

Defendant moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the ADA claim with prejudice, arguing that Plaintiff failed to plead facts supporting a plausible inference that Defendant regarded him as disabled. (DE 7, 7-1.) Plaintiff opposed dismissal and requested leave to amend if the Court found his allegations insufficient. (DE 10.) Defendant replied that amendment would be futile because Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge did not contain sufficient allegations to support the claim. (DE 12.)

The Magistrate Judge concluded that Plaintiff's existing allegations were insufficient to state a plausible ADA discrimination claim. However, because the EEOC charge expressly identified perceived-disability discrimination arising from Plaintiff's workplace injury and subsequent termination, the Magistrate Judge found

that amendment would not necessarily be futile. The Report, therefore, recommends dismissing the ADA claim without prejudice and permitting amendment. (DE 13 at 5–8.)

### B. Legal Standard

A magistrate judge's recommendation carries no presumptive weight, and responsibility for making a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of a report to which specific objections are made.

When no specific objections are filed, however, the Court need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The Court may nevertheless accept, reject, or modify the recommendation, in whole or in part. 28 U.S.C. § 636(b)(1).

To survive a motion under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although an employment-discrimination plaintiff need not plead a prima facie case under the *McDonnell Douglas* framework, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002), the complaint must allege facts supporting a plausible inference of discrimination. *McCleary-Evans v. Maryland Department of Transportation*, 780 F.3d 582, 585–88 (4th Cir. 2015).

## C. Discussion

Having reviewed the Report and relevant record for clear error, the Court agrees with the Magistrate Judge's recommended disposition. However, a clarification of the governing "regarded as" standard is warranted, and the Court addresses separately Defendant's request for dismissal with prejudice.

### 1. Sufficiency of Plaintiff's ADA Discrimination Claim

The ADA prohibits discrimination against a qualified individual on the basis of disability. *See* 42 U.S.C. § 12112(a). Under the ADA Amendments Act of 2008 ("ADAAA"), an individual satisfies the "regarded as" definition when subjected to a prohibited employment action because of an actual or perceived physical or mental impairment, "whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

As this Court recently explained in *Oates v. Florence School District One*, No. 4:24-cv-00384-JD-KDW, 2026 WL 2409711, at *3–4 (D.S.C. Aug. 18, 2026), the post-ADAAA standard does not require an employee to establish that the employer perceived an impairment as substantially limiting a major life activity. Rather, the inquiry focuses on whether the employer subjected the employee to the challenged action because of an actual or perceived impairment. *See also Finn v. Humane Society of the United States*, 160 F.4th 92, 100 (4th Cir. 2025).

Accordingly, to the extent the Report suggests that Plaintiff must allege Defendant perceived his impairment as substantially limiting a major life activity, the Court does not adopt that portion of its reasoning. (DE 13 at 5–6.)

Nevertheless, the ADAAA does not eliminate the requirement that an adverse employment action be causally connected to an actual or perceived impairment. *See Gentry v. E.W. Partners Club Management Co.*, 816 F.3d 228, 235–36 & n.5 (4th Cir. 2016) (explaining that disability must be a but-for cause, although not necessarily the sole cause, of the adverse employment action). At the pleading stage, Plaintiff must allege facts sufficient to support a plausible inference of such discrimination. *See McCleary-Evans*, 780 F.3d at 585–88.

Here, Plaintiff alleges that he suffered a workplace injury on September 10, 2024, when his right side struck a pipe after a bank gave way. (DE 1 ¶ 14.) He further alleges that Defendant perceived him as disabled or unable to work and terminated him the next day. (*Id.* ¶¶ 15, 19, 35–37.)

The Court recognizes the close temporal proximity between the injury and termination and draws reasonable inferences from those allegations in Plaintiff's favor. However, the Complaint contains limited factual allegations concerning Defendant's awareness or perception of an impairment and the circumstances supporting an inference that such an impairment was a but-for cause of the termination. Although Plaintiff alleges that Defendant regarded him as disabled, the existing pleading does not provide sufficient factual context connecting that alleged perception to the challenged employment decision.

The Complaint also alleges that Defendant hired Plaintiff's replacement on September 9, 2024, before the workplace injury occurred. (DE 1 ¶¶ 16–17.) While this chronology does not conclusively foreclose disability discrimination or establish when

Defendant made its final termination decision, it is relevant to evaluating the plausibility of Plaintiff's asserted causal connection.

The Court does not require Plaintiff to establish a medical diagnosis, identify every decisionmaker, or plead a complete prima facie case. *See Swierkiewicz*, 534 U.S. at 510–12. Nor must Plaintiff allege that Defendant perceived an impairment as substantially limiting a major life activity. Nevertheless, considering the allegations as a whole, the Court agrees with the Magistrate Judge that the Complaint does not sufficiently support a plausible inference that Defendant terminated Plaintiff because of an actual or perceived impairment. *See Iqbal*, 556 U.S. at 678; *McCleary-Evans*, 780 F.3d at 585–88.

Accordingly, dismissal of the presently pleaded ADA discrimination claim is warranted.

**2. Dismissal Without Prejudice and Leave to Amend**

The Court also finds no clear error in the Magistrate Judge's recommendation that dismissal be without prejudice and that Plaintiff be permitted to amend his Complaint. The Magistrate Judge considered Defendant's argument that amendment would be futile because of administrative-exhaustion requirements and concluded that Plaintiff's EEOC charge sufficiently identified the perceived-disability theory to permit further factual allegations concerning the same injury and termination. (DE 13 at 6–8.) Neither party objected to that determination. Accordingly, the Court adopts the recommendation to dismiss the presently pleaded ADA claim without prejudice and afford Plaintiff an opportunity to amend.

### D. Conclusion

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Report and Recommendation (DE 13) and **GRANTS IN PART AND DENIES IN PART** Defendant's Partial Motion to Dismiss (DE 7).

Specifically, the Court **GRANTS** Defendant's motion insofar as it seeks dismissal of Plaintiff's presently pleaded ADA disability-discrimination claim but **DENIES** the motion insofar as Defendant seeks dismissal with prejudice.

Plaintiff's ADA disability-discrimination claim is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint within twenty-one (21) days of entry of this Order.

Any amended complaint must be complete in itself, include all claims Plaintiff intends to pursue, and will supersede the original Complaint. The leave granted by this Order permits Plaintiff to supplement the factual allegations supporting the existing ADA claim; any additional amendments remain subject to the Federal Rules of Civil Procedure and applicable scheduling orders.

If Plaintiff does not amend within the prescribed period, the ADA claim will remain dismissed without prejudice, and this action will proceed on the remaining ADEA claim and Defendant's Counterclaim.

Because this Order does not dispose of the entire action, no final judgment shall be entered at this time.

**IT IS SO ORDERED.**

Joseph Dawson III

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 28, 2026